ibtncohp

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        18 Cr. 850 (ALC)

5   MICHAEL COHEN,
                        Defendant.       Plea
6
    ------------------------------x
7
                                         New York, N.Y.
8                                        November 29  , 2018
                                         9:00 a.m.
9

10  Before:

11
                        HON. ANDREW L. CARTER, JR.,
12
                                         District Judge
13
                             APPEARANCES
14
    GEOFFREY S. BERMAN
15       United States Attorney for the
         Southern District of New York
16  BY:  L. RUSH ATKINSON
         JEANNIE S. RHEE
17       ANDREW D. GOLDSTEIN
         Assistant United States Attorneys
18
    PETRILLO KLEIN & BOXER
19       Attorneys for Defendant
    BY:  GUY PETRILLO
20       AMY LESTER

21
    Also Present:
22
    Michelle Taylor, FBI
23  Jonathan Lettieri, U.S. Pretrial Services

24

25

ibtncohp

1          THE DEPUTY CLERK:  Change of plea hearing, United

2    States v. Michael Cohen.

3          Counsel, please state your appearance.

4          For the government?

5          MR. ATKINSON:  Good morning, your Honor.  Rush

6    Atkinson, on behalf of the United States.  With me is my

7    colleague Jeannie Rhee and my colleague Andrew Goldstein from

8    the Special Counsel's office, and we are joined by Special

9    Agent Michelle Taylor from the FBI.

10          THE COURT:  And for the defendant?

11          MR. PETRILLO:  For defendant Michael Cohen, Guy

12    Petrillo and Amy Lester.

13          Good morning, your Honor.

14          THE COURT:  Good morning.

15          THE DEPUTY CLERK:  For pretrial services?

16          MR. LETTIERI:  Good morning, your Honor, Jonathan

17    Littieri.  I am here on behalf of Pretrial Services.

18          THE COURT:  Good morning.

19          My understanding is that Mr. Cohen would like to waive

20    indictment and then plead guilty to an information pursuant to

21    an agreement with the government.

22          Is that correct?

23          MR. PETRILLO:  That's correct, your Honor.

24          THE COURT:  OK.

25          MR. PETRILLO:  Just as a matter of procedure, your

ibtncohp

1     Honor, if I may, Mr. Cohen has not been arraigned on the

2     information.

3              THE COURT:  Correct.

4              MR. PETRILLO:  So, pursuant to what is often done in

5     the courthouse, post that arraignment, we would initially plead

6     not guilty.

7              THE COURT:  The Court will enter a plea of not guilty

8     on his behalf immediately following the arraignment, and then

9     we'll go through the plea allocution.

10             MR. PETRILLO:  Thank you, your Honor.

11             THE COURT:  I am going to ask you some questions,

12    Mr. Cohen. I am going to require that your answers be under

13    oath so I will ask my wonderful and talented deputy to

14    administer an oath.

15             (Defendant sworn)

16             THE COURT:  Please state your full name.

17             THE DEFENDANT:  Michael Dean Cohen.

18             THE COURT:  How old are you?

19             THE DEFENDANT:  52.

20             THE COURT:  How far did you go this school.

21             THE DEFENDANT:  J.D. degree.

22             THE COURT:  Are you currently or have you recently

23    been under the care of a physician?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Have you recently seen a psychiatrist or a

ibtncohp

1    psychologist or had any sort of mental health counseling?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Have you ever been treated for any

4    psychiatric condition?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Have you ever been hospitalized for drug

7    abuse or alcohol abuse?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  In the last 24 hours, have you had any

10   drugs, medicine, pills or alcoholic beverages of any kind?

11             THE DEFENDANT:  Are we talking about prescription

12   medication, or are we talking about nonprescription?

13             THE COURT:  Any medication.

14             THE DEFENDANT:  Yes.

15             THE COURT:  OK.  What?

16             THE DEFENDANT:  Crestor.

17             THE COURT:  Other than that, have you had any other

18   medication in the last 24 hours?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  What is that?

21             THE DEFENDANT:  Do I need to do it in open court, sir?

22             THE COURT:  OK.  Let me ask you this:  Are there

23   prescription medications that you are taking?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And these prescription medications that

ibtncohp

1   you have been taking, how many medications are we talking

2   about?

3                 THE DEFENDANT:  Three.

4                 THE COURT:  You've mentioned one, I believe.  The

5   other two, how long have you been taking -- or all of these

6   prescription medications, how long have you been taking them?

7                 THE DEFENDANT:  Many years, Your honor.

8                 THE COURT:  Do you take these medications daily?

9                 THE DEFENDANT:  Yes, sir.

10                THE COURT:  Do these medications affect your ability

11   to understand what's happening here?

12                THE DEFENDANT:  No, your Honor.

13                THE COURT:  Have you taken the medications today?

14                THE DEFENDANT:  Yes, your Honor.

15                THE COURT:  All right.  Does defense counsel have any

16   doubts about your client's competence to proceed?

17                MR. PETRILLO:  I do not, your Honor.

18                THE COURT:  Counsel for the government?

19                MR. ATKINSON:  No, your Honor.

20                THE COURT:  I find that Mr. Cohen appears alert; he's

21   answered the questions appropriately.  I find that he's

22   competent to proceed, and we will continue.

23                Also, let me tell you, Mr. Cohen, you have a right to

24   be represented by an attorney.  If you could not afford to hire

25   your own attorney, the Court would give you a lawyer for free.

ibtncohp

1         Do you understand?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Also, anything you say here can be used

4    against you in a court of law except what you say in private to

5    your attorneys.

6         Do you understand?

7         THE DEFENDANT:  Yes, your Honor.

8         THE COURT:  Have you been furnished with a copy of the

9    information that's been filed against you?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  Have you reviewed that with your

12   attorneys?

13        THE DEFENDANT:  I have.

14        THE COURT:  Counsel for the defense, is that correct?

15   Have you reviewed the information with your client?

16        MR. PETRILLO:  We have, your Honor.

17        THE COURT:  Do you feel he understands the nature of

18   the charge contained in the information?

19        MR. PETRILLO:  I do, your Honor.

20        THE COURT:  All right.  I am not going to read the

21   entire information, but, Mr. Cohen, I want to make sure you

22   understand that you are being charged with a felony offense.

23        Do you understand, sir?

24        THE DEFENDANT:  I do, sir.

25        THE COURT:  The sole count of the information charges

ibtncohp

1    false statements.

2         It states, "On or about August 28, 2017, the defendant

3    Michael Cohen, in the District of Columbia and elsewhere, in a

4    matter within the jurisdiction of the legislative branch of the

5    Government of the United States, knowingly and willfully made a

6    materially false, fictitious, and fraudulent statement and

7    representation, to wit, Cohen caused to be submitted a written

8    statement to SSCI containing materially false statements about

9    the Moscow Project, including false statements about the timing

10   of the Moscow Project, discussions with people in the Company

11   and in Russia about the Moscow Project, and contemplated travel

12   to Russia in connection with the Moscow Project," in violation

13   of Title 18, United States Code, Section 1001(a)(2).

14         Do you understand the nature of that charge,

15   Mr. Cohen?

16         THE DEFENDANT:  I do, your Honor.

17         THE COURT:  All right.

18         MR. PETRILLO:  As to other portions of the document,

19   your Honor, we waive the public reading.

20         THE COURT:  OK.

21         Mr. Cohen, you have a right to be charged by way of an

22   indictment.

23         Do you understand?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Again, you have a constitutional right to

ibtncohp

1   be charged by an indictment of the grand jury, but you can

2   waive that right and consent to being charged by information.

3           Do you understand?

4           THE DEFENDANT:  I do, your Honor.

5           THE COURT:  Instead of an indictment this felony

6   charge against you has been brought by the filing of an

7   information.  Unless you waive indictment, you may not be

8   charged with a felony unless a grand jury finds by return of an

9   indictment that there is probable cause to believe that a crime

10  has been committed and that you have committed it.

11          Do you understand?

12          THE DEFENDANT:  I do, sir.

13          THE COURT:  If you do not waive indictment, the

14  government may present the case to a grand jury and ask it to

15  indict you.  The grand jury is composed of at least 16 and not

16  more than 23 persons, and at least 12 grand jurors must find

17  that there is probable cause to believe you committed the crime

18  with which you are charged before you may be indicted.  The

19  grand jury might or might not indict you.

20          If you waive indictment by the grand jury, the case

21  will proceed against you on the information just as though you

22  had been indicted.

23          Do you understand?

24          THE DEFENDANT:  I do, your Honor.

25          THE COURT:  Have you discussed waiving your right to

ibtncohp

1    indictment by the grand jury with your attorneys?

2               THE DEFENDANT:  I have, sir.

3               THE COURT:  Do you understand your right to indictment

4    by a grand jury?

5               THE DEFENDANT:  Yes, sir.

6               THE COURT:  Have any threats or promises been made to

7    induce you to waive indictment?

8               THE DEFENDANT:  No, sir.

9               THE COURT:  Do you wish to waive your right to

10   indictment by a grand jury?

11              THE DEFENDANT:  I do, your Honor.

12              THE COURT:  Defense counsel, is there any reason why

13   your client should not waive indictment?

14              MR. PETRILLO:  No, your Honor.

15              THE COURT:  I have before me a form entitled "Waiver

16   of Indictment," which appears to bear your signature.

17              Is that your signature on that document, Mr. Cohen?

18              THE DEFENDANT:  Yes, your Honor.

19              THE COURT:  Before signing it, did you read it?

20              THE DEFENDANT:  I did, sir.

21              THE COURT:  Did you discuss it with your attorneys?

22              THE DEFENDANT:  I did, your Honor.

23              THE COURT:  Did you sign that document because you

24   wish to waive your right to indictment?

25              THE DEFENDANT:  Yes, sir.

ibtncohp

1          THE COURT:  I find that the waiver of indictment is

2     knowingly and voluntarily made, and I accept it.  I will enter

3     an order and finding to that effect.

4          Let's proceed to arraignment on the information.

5          Again, Mr. Cohen, you've indicated that you've read

6     the information, discussed it with your attorneys and

7     understand the nature of the charge against you, correct?

8          THE DEFENDANT:  Correct, your Honor.

9          THE COURT:  I understand that you wish to plead guilty

10    to Count One of the information, but before I can allow you to

11    plead guilty, I have to ask you some questions to make sure you

12    understand all the rights you will be giving up in order to

13    plead guilty.  So at this point the Court will enter on your

14    behalf a plea of not guilty.

15          All right?

16          THE DEFENDANT:  Understood, your Honor.

17          THE COURT:  Mr. Cohen, you have a constitutional right

18    to continue to plead not guilty.

19          Do you understand?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  If you persist in that right, you have a

22    right to a speedy and public trial by jury.

23          Do you understand?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  At that trial you would be presumed

ibtncohp

innocent.  You do not have to prove that you are innocent.  Do
you understand?

          THE DEFENDANT:  I do, your Honor.

          THE COURT:  The burden of proof would be on the
government at all times, and they would have to prove each and
every element of the crime charged beyond a reasonable doubt.

          Do you understand?

          THE DEFENDANT:  I am aware of that, your Honor.

          THE COURT:  At that speedy and public trial, you would
have the right to be represented by an attorney.

          Do you understand?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  If you could not afford to hire an
attorney, the Court would give you an attorney for free.

          Do you understand?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  And you have the right to be represented
by an attorney at every stage of this criminal litigation.

          Do you understand?

          THE DEFENDANT:  I do, your Honor.

          THE COURT:  Again, if you could not afford to hire
your own attorney, the Court would give you an attorney for
free.

          Do you understand?

          THE DEFENDANT:  I do, your Honor.

ibtncohp

```
 1            THE COURT:  Counsel, are you retained or appointed on
 2   this matter?
 3            MR. PETRILLO:  Retained, your Honor.
 4            THE COURT:  Again, the government would have to prove
 5   each and every element of the crime charged beyond a reasonable
 6   doubt in order for you to be convicted of this crime.
 7            So let's talk about those elements.
 8            The government would have to prove that you made a
 9   statement or representation.
10            Do you understand?
11            THE DEFENDANT:  I do, sir.
12            THE COURT:  Then government would have to prove that
13   the statement or representation was material.
14            Do you understand?
15            THE DEFENDANT:  Yes, sir.
16            THE COURT:  Next, the government would have to prove
17   that the statement or representation that was made was false,
18   fictitious, or fraudulent.
19            Do you understand?
20            THE DEFENDANT:  Yes, sir.
21            THE COURT:  The government would also have to prove
22   that the false, fictitious, or fraudulent statement was made
23   knowingly and willfully.
24            Do you understand?
25            THE DEFENDANT:  Yes, your Honor.
```

ibtncohp

```
1          THE COURT:  And that the statement or representation

2   was made in a matter within the jurisdiction of the government

3   of the United States.

4          Do you understand?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  In addition to proving those elements, the

7   government would be required to prove venue to a jury by a

8   preponderance of the evidence.  If you plead guilty, you will

9   be waiving your right to challenge venue of the prosecution.

10          Do you understand that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  What venue means is that the government

13   needs to bring the case in the judicial district where the

14   crime took place.

15          Do you understand?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And if you plead guilty, you're waiving

18   your right to challenge venue.

19          Do you understand?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  Counsel for the government, have I left

22   out any elements of the offense?

23          MR. ATKINSON:  Your Honor, just as it appears in the

24   information, specifically, we would have to prove the defendant

25   made the statement within the jurisdiction of the legislative
```

ibtncohp

 1   branch of the United States.

 2              THE COURT:  OK.

 3              Did you hear that, Mr. Cohen?

 4              THE DEFENDANT:  Yes, sir.

 5              THE COURT:  OK.  Yes.  Let's be a little bit more

 6   specific here.

 7              The government is alleging, again, that the statement

 8   was made on or about August 28, 2017.

 9              Do you understand?

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  And that this was in a matter within the

12   jurisdiction of the legislative branch of the United States.

13              Do you understand?

14              THE DEFENDANT:  I do, your Honor.

15              THE COURT:  And the government would have to prove,

16   again, that the statements that were made were false and that

17   you knew that they were false and that these statements were

18   material.

19              Do you understand?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  And at the time that you made these false

22   material statements, you did so knowingly and willfully.

23              Do you understand?

24              THE DEFENDANT:  I do, your Honor.

25              THE COURT:  In particular, the government is charging

ibtncohp

that you caused to be submitted a written statement to SSCI

containing material false statements about the Moscow Project,

including false statements about the timing of the Moscow

Project, discussions with people in the company and in Russia

about the Moscow Project, and contemplated travel to Russia in

connection with the Moscow Project.

        Do you understand?

        THE DEFENDANT:  I do, your Honor.

        THE COURT:  Did I leave out any other elements of the

offense for the government?

        MR. ATKINSON:  No, your Honor.  Thank you.

        THE COURT:  From the defense?

        MR. PETRILLO:  No, your Honor.

        THE COURT:  So, again, the government would have to

prove each and every one of those elements to a jury beyond a

reasonable doubt.

        Do you understand?

        THE DEFENDANT:  I do, your Honor.

        THE COURT:  In order to attempt to prove these

elements beyond a reasonable doubt, the government would call

witnesses.  Your lawyer could question those witnesses.

        Do you understand?

        THE DEFENDANT:  I do, sir.

        THE COURT:  You could call witnesses on your own

behalf at trial.

ibtncohp

1              Do you understand?

2              THE DEFENDANT:  I do, your Honor.

3              THE COURT:  And your lawyer would have the subpoena

4    power of the United States to make witnesses come to Court for

5    you.

6              Do you understand?

7              THE DEFENDANT:  I do, sir.

8              THE COURT:  You would also have the right to testify

9    in your own behalf at trial.

10             Do you understand?

11             THE DEFENDANT:  I do.

12             THE COURT:  At the same time, you couldn't be forced

13   to testify because you have a right or privilege against

14   self-incrimination.  What the right or privilege against

15   self-incrimination means is that you cannot be required to say

16   anything out of your own mouth that makes you appear guilty.

17             Do you understand?

18             THE DEFENDANT:  I do, your Honor.

19             THE COURT:  So, even if you are guilty, you are not

20   required to plead guilty.  You could remain silent and force

21   the government to attempt to prove each and every element of

22   the crime charged beyond a reasonable doubt.

23             Do you understand?

24             THE DEFENDANT:  I do, sir.

25             THE COURT:  If the government could not prove each and

ibtncohp

1    every element of the crime charged beyond a reasonable doubt,

2    the jury would have an obligation to find you not guilty.

3              Do you understand?

4              THE DEFENDANT:  I do, your Honor.

5              THE COURT:  So, again, even if you are guilty, you are

6    not required to plead guilty.

7              Do you understand?

8              THE DEFENDANT:  Understood, your Honor.

9              THE COURT:  If you plead guilty, I'll have to ask you

10   what you did that makes you guilty of this crime.  When you

11   answer that question, you will be saying things out of your own

12   mouth that make you appear guilty, thereby giving up your right

13   or privilege against self-incrimination.

14             Do you understand?

15             THE DEFENDANT:  I fully understand, your Honor.

16             THE COURT:  At trial, your lawyer could object to

17   evidence that the government sought to introduce against you.

18             Do you understand?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  I want to make sure you also understand

21   that if you are not a United States citizen your guilty plea

22   and conviction make it very likely that you would be deported

23   from the United States.

24             Do you understand?

25             THE DEFENDANT:  I do.  I am a United States citizen,

ibtncohp

1     your Honor.

2                THE COURT:  And have you discussed that with your

3     attorneys?

4                THE DEFENDANT:  I have.

5                THE COURT:  Let's talk about the sentencing process.

6                If I accept your plea of guilty, you will meet with

7     the probation department, and they will prepare a presentence

8     report.

9                Do you understand?

10               THE DEFENDANT:  I do, your Honor.

11               THE COURT:  That report will have information about

12    you and the crime that you are alleged to have committed.

13               Do you understand?

14               THE DEFENDANT:  Yes, sir.

15               THE COURT:  That report will also have the probation

16    department's sentencing guideline calculation.

17               Do you understand?

18               THE DEFENDANT:  I do, sir.

19               THE COURT:  Have you and your attorneys discussed the

20    sentencing guidelines and how they might apply in your case?

21               THE DEFENDANT:  Yes, your Honor.

22               THE COURT:  The sentencing guidelines are advisory.

23               What that means is, although the sentencing judge is

24    required to determine the guideline range that applies to your

25    case, once he or she makes that determination, they are not

ibtncohp

1    required to sentence you within range.

2            Do you understand?

3            THE DEFENDANT:  I do, your Honor.

4            THE COURT:  The sentencing judge will determine the

5    guideline range that applies to your case, and the sentencing

6    judge will determine the sentence in your case.

7            Do you understand?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  So, as you sit here today, there is no

10   promise as to what your guideline range will be, nor is there a

11   promise as to what your sentence will be.

12           Do you understand?

13           THE DEFENDANT:  I understand that, your Honor.

14           THE COURT:  If the sentence imposed is different than

15   that you are hoping for, that will not be a ground for to you

16   take your plea back.

17           Do you understand?

18           THE DEFENDANT:  I do, your Honor.

19           THE COURT:  If the guideline range determined is

20   different from what you are hoping for, that will not be a

21   ground for you to take your plea back.

22           Do you understand?

23           THE DEFENDANT:  I do, your Honor.

24           THE COURT:  Let's talk about your agreement with the

25   government.

ibtncohp

1          This nine-page document appears to have your signature

2     on it as well as the signatures of one of your attorneys.

3          Is that, in fact, your signature?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Before you signed that document, did you

6     read it?

7          THE DEFENDANT:  I did, sir.

8          THE COURT:  Did you discuss it with your attorneys?

9          THE DEFENDANT:  I did.

10         THE COURT:  Do you understand it?

11         THE DEFENDANT:  I fully understand it, your Honor.

12         THE COURT:  And does this document contain the

13    entirety of your agreement with the government?

14         THE DEFENDANT:  Yes, your Honor.

15         MR. PETRILLO:  There is one exception to that, your

16    Honor, one addition.  There is a letter agreement that the

17    defense has reached with the Southern District of New York

18    which supplements the plea agreement, which I can hand up at

19    this time.

20         THE COURT:  OK.

21         MR. PETRILLO:  What this letter indicates is that the

22    Southern District of New York will join the Special Counsel's

23    office in presenting to the sentencing judge the cooperation

24    that Mr. Cohen has provided to date as a factor to be

25    considered under 3553(a).  It is a two-page letter.  It's

ibtncohp

 1    perhaps before your Honor already, but if it's not, I can hand

 2    it up.

 3              THE COURT:  I don't believe I have that letter, but

 4    there's certainly mention of that in the agreement.  I think

 5    that's sort of subsumed within the agreement, but let me hear

 6    from the government.

 7              Any thoughts on that?

 8              MR. ATKINSON:  Your Honor, we defer to you as to

 9    whether you would like to make it formally part of the record,

10    but we do point out that section 12, page 8, of this agreement

11    makes reference to that letter.  Of course, the Special

12    Counsel's office is not a party to that letter, and that's why

13    it is not part of this agreement.

14              THE COURT:  I don't think we need to make that an

15    official part of this document at this time.

16              MR. PETRILLO:  Very well.

17              THE COURT:  Are there any other agreements other than

18    what's contained in this agreement, Mr. Cohen?

19              THE DEFENDANT:  No, your Honor.

20              THE COURT:  And is that correct, counsel for the

21    government and the defense?

22              MR. ATKINSON:  That's correct, your Honor, with the

23    exception of the letter between defendant and the Southern

24    District of New York U.S. Attorneys' Office.

25              MR. PETRILLO:  Correct.

ibtncohp

1          THE COURT:  As well as any other agreements that are

2    specifically mentioned in this document?

3          MR. ATKINSON:  Correct, Judge.  There's no other

4    agreements.

5          MR. PETRILLO:  Correct.  Thank you, your Honor.

6          THE COURT:  All right.

7          I'm not going to go over the entirety of agreement,

8    but let's talk about the statutory penalties, and then we'll go

9    over a couple of portions of the agreement.

10          The sole count of the information carries a maximum

11    sentence of five years' imprisonment.

12          Do you understand?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  The possibility of a fine, which would be

15    based on your ability to pay it, of not more than $250,000.

16          Do you understand?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  A term of supervised release of not more

19    than three years.

20          Do you understand?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Supervised release is like a term of

23    probation you would serve after a term of custody.  You would

24    be subject to drug testing, visits to a probation officer's

25    office, and other limitations on your freedom.

ibtncohp

1              If you were to violate a condition of supervised

2      release, you could be sentenced to an additional term of

3      custody and an additional term of supervised release without

4      credit for time previously served in custody or on supervised

5      release.

6              Do you understand?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  In addition, there is a $100 special

9      assessment, which is like a fine, except that must be imposed.

10     That is mandatory.

11             Do you understand?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Your agreement with the government has a

14     guideline estimate in it.  Have you seen that and discussed

15     that with your attorneys?

16             THE DEFENDANT:  I have, your Honor.

17             THE COURT:  I want to reiterate that is simply an

18     estimate.  That is not binding on the probation department; it

19     is not binding on the Court.

20             Do you understand?

21             THE DEFENDANT:  I am aware of that, your Honor.

22             THE COURT:  Again, there is no promises as to what

23     your sentence will be, nor is there a promise as to what your

24     guideline range will be.

25             Do you understand?

ibtncohp

|     |     |
| --- | --- |
| 1 | THE DEFENDANT:  Yes, sir. |
| 2 | THE COURT:  You have a statutory right to appeal. |
| 3 | There are time constraints on your ability to file a notice of |
| 4 | appeal, and you should talk to your lawyer about that.  If you |
| 5 | cannot afford to hire an attorney to help you prosecute the |
| 6 | appeal, the Court would give you a lawyer for free. |
| 7 | Do you understand? |
| 8 | THE DEFENDANT:  Yes, sir. |
| 9 | THE COURT:  Although there is a statutory right to |
| 10 | appeal, you have waived your right to appeal in certain |
| 11 | circumstances under your agreement with the government. |
| 12 | Do you understand? |
| 13 | THE DEFENDANT:  Yes, your Honor. |
| 14 | THE COURT:  You have also under your agreement waived |
| 15 | any right to collaterally attack the conviction. |
| 16 | Do you understand? |
| 17 | THE DEFENDANT:  Yes, sir. |
| 18 | THE COURT:  With certain limitations that are laid out |
| 19 | in the agreement. |
| 20 | Do you understand? |
| 21 | THE DEFENDANT:  Yes, sir. |
| 22 | THE COURT:  Do you have any questions for me, |
| 23 | Mr. Cohen, before we continue? |
| 24 | THE DEFENDANT:  No, your Honor. |
| 25 | THE COURT:  Do you have any questions you would like |

ibtncohp

1    to ask your attorneys in private before we continue?

2                    THE DEFENDANT:  No, your Honor.

3                    THE COURT:  Defense counsel, are you aware of any

4    reason why your client should not plead guilty?

5                    MR. PETRILLO:  No, your Honor.

6                    THE COURT:  Are you aware of any legal defense to the

7    charge?

8                    MR. PETRILLO:  Not that would prevail at trial.

9                    THE COURT:  Mr. Cohen, are you satisfied with your

10   legal representation up to this point?

11                   THE DEFENDANT:  Yes, your Honor.

12                   THE COURT:  Mr. Cohen, are you willing to give up your

13   rights to a trial and you all the other rights that we have

14   discussed?

15                   THE DEFENDANT:  Yes, sir.

16                   THE COURT:  Other than what's contained in your

17   agreement with the government, has anyone made any promises to

18   induce you to give up those rights?

19                   THE DEFENDANT:  No, your Honor.

20                   THE COURT:  Has anyone made any threats to attempt to

21   force you to give up those rights?

22                   THE DEFENDANT:  No, your Honor.

23                   THE COURT:  How do you plead to the sole count of the

24   information --

25                   THE DEFENDANT:  Guilty, your Honor.

ibtncohp

1          THE COURT:  -- guilty or not guilty?

2          THE DEFENDANT:  Sorry.

3          THE COURT:  That's fine.

4          Guilty?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  OK.  Tell me what it is that you did that

7     makes you guilty of the sole count of the information.

8          THE DEFENDANT:  So if I may stand, your Honor, up for

9     it?

10         THE COURT:  What's that?

11         THE DEFENDANT:  May I stand for you on this?

12         THE COURT:  You may.  You don't need to.  The

13    acoustics aren't great.  It may be easier if you sit and speak

14    into the microphone.

15         THE DEFENDANT:  That is what I shall do.

16         THE COURT:  All right.  Go ahead.

17         THE DEFENDANT:  Thank you.

18         Prior to the 2016 presidential election, I had been

19    the executive vice president and special counsel to Donald J.

20    Trump at the Trump Organization, a Manhattan-based real estate

21    business.

22         By 2017 I was no longer employed in this capacity, but

23    continued to serve on several matters as an attorney to the

24    former CEO of the Trump Organization and now President of the

25    United States, who is referred to as Individual 1 in the

ibtncohp

1    information.

2              As I had in the years before the election, I continued

3    in 2017 to follow the day-to-day political messaging that both

4    Individual 1 and his staff and advisers repeatedly broadcast,

5    and I stayed in close contact with these advisers to Individual

6    1.  As such, I was aware of Individual 1's repeated disavowals

7    of commercial and political ties between himself and Russia,

8    his repeated statements that investigations of such ties were

9    politically motivated and without evidence, and that any

10   contact with Russian nationals by Individual 1's campaign or

11   the Trump Organization had all terminated before the Iowa

12   Caucus, which was on February 1 of 2016.

13             In 2017, I was scheduled to appear before the Senate

14   Select Committee on Intelligence as well as the House Permanent

15   Select Committee on Intelligence concerning matters under their

16   investigation, including principally whether Russia was

17   involved in or interfered in the 2016 campaign and election.

18             In connection with my appearances, I submitted a

19   written statement to Congress, including, amongst other things,

20   a description of a proposed real estate project in Moscow that

21   I had worked on while I was employed by the Trump Organization.

22             That description was false -- I knew at the time -- in

23   that I had asserted that all efforts concerning the project had

24   ceased in January of 2016 when, in fact, they had continued

25   through June of 2016;

ibtncohp

         That I had very limited discussions with Individual 1
and others in the company concerning the project, when in fact
I had more extensive communications; and,

         Lastly, that I had never agreed to travel to Russia in
connection with the project and had never asked Individual 1 to
travel, when in fact I took steps to and had discussions with
Individual 1 about travel to Russia.

         And I would like to note that I did not in fact travel
there, nor have I ever been to Russia.

         I made these misstatements to be consistent with
Individual 1's political messaging and out of loyalty to
Individual 1.

         THE COURT:  Any further allocution requested by the
government?

         MR. ATKINSON:  Your Honor, as set forth in the
information, Mr. Cohen submitted in his statement falsely that,
upon reaching out to the Kremlin in January of 2016 about the
Moscow Project, he had not received any response.  In fact, he
had received a response from the Kremlin and spoke to someone
from the press secretary's office for approximately 20 minutes.
So, in essence, that Mr. Cohen minimized his contacts with the
Russian government and stated so falsely in his submission.

         THE COURT:  You want that as part of this allocution?

         MR. ATKINSON:  Yes, please.

         THE COURT:  Mr. Cohen, did you hear that?

ibtncohp

1          THE DEFENDANT:  I did, your Honor.

2          THE COURT:  Is that correct?

3          THE DEFENDANT:  It is correct, your Honor.  There was

4   one contact that I had had for the 20 minutes, as stated.

5          THE COURT:  Any further allocution requested by the

6   government?

7          MR. ATKINSON:  No, your Honor.  Thank you.

8          THE COURT:  Any further allocution requested by the

9   defendants?

10          MR. PETRILLO:  No, your Honor.

11          THE COURT:  Is there anything else that has been left

12   out that we need to deal with?

13          MR. ATKINSON:  No, your Honor.

14          THE COURT:  We'll get to the next steps in a second.

15          MR. PETRILLO:  OK.

16          THE COURT:  I find that Mr. Cohen is competent to

17   proceed.  I find that he understands the rights that he's

18   waiving by pleading guilty.  I further find that there is a

19   factual basis for the plea, and I accept his plea of guilty.

20          Now let's talk about sentencing date and what the

21   parties' position is.  I know that Judge Pauley has this

22   defendant on another matter.

23          Let me hear from counsel.

24          MR. PETRILLO:  Absolutely, your Honor.

25          There is another matter, 18 Cr. 602, before Judge

ibtncohp

 1    Pauley, and in that matter sentencing is scheduled for December

 2    12.  As far as I know, that sentencing date will go forward.

 3            In light of, as memorialized on page 4 of the plea

 4    agreement, the commitment of the Special Counsel's office to

 5    bring to the sentencing court's attention the cooperation of

 6    Mr. Cohen to date, as described in the agreement, it would be

 7    our intention, with the Court's permission, to submit a letter

 8    to your Honor and to Judge Pauley under the local rules so as

 9    to consolidate the sentencing of Mr. Cohen both on the matter

10    that your Honor has covered today and taken the plea on and on

11    the matter that is before Judge Pauley.

12            If the Court is amenable to that, that would allow the

13    sentencing to take place on December 12.  We would submit that

14    letter later today.

15            Thank you.

16            THE COURT:  OK.  Government?

17            MR. ATKINSON:  No objection from the government, your

18    Honor.  We would be able to meet the December 12 deadline as

19    well.  We would submit all the paperwork next week in order to

20    expedite the sentencing.

21            THE COURT:  All right.  That's fine.

22            Let's do this.  I'm not going to set a sentencing date

23    then now.  Counsel should submit this letter today.

24            We will see what Judge Pauley's view is on that.  It

25    is certainly fine with me.  It makes sense for this to be in

ibtncohp

1    front of one judge, and Judge Pauley has the older case.  That

2    would seem to make sense, but we'll see.

3              So submit that letter.  I won't set a sentencing date.

4    It does seem that if there is a possibility and a desire for

5    both sides that this case be consolidated with the other case

6    and that the sentence for both of these cases take place on

7    December 12, I suppose I need to order an expedited presentence

8    report.

9              I will do that unless the parties have some other

10   position on that.

11             MR. ATKINSON:  Yes, your Honor.  We're fine with that.

12   Just formally I think the case would just be transferred and

13   not consolidated.

14             THE COURT:  OK.  That's fine.  The case will be

15   transferred, it won't be consolidated, but I think I still need

16   to order on expedited presentence report.

17             MR. ATKINSON:  Yes, your Honor.

18             THE COURT:  There may not be a need for a full-blown

19   presentence report, but whatever is going to be done, it needs

20   to be done expeditiously.

21             MR. ATKINSON:  That's correct, your Honor.

22             THE COURT:  I will order an expedited presentence

23   report.

24             What is the parties' position on bail?

25             MR. ATKINSON:  Your Honor, in the case before Judge

ibtncohp

1    Pauley, there was a bail package that was agreed to.  We would

2    not oppose the same bail package being applied in this case.  I

3    do have the conditions if you would like me to read them for

4    the record.

5            THE COURT:  That's fine.

6            I assume the defense doesn't object to that?

7            MR. PETRILLO:  We do not, your Honor, although it

8    might just be easier from a processing point of view to have --

9            THE COURT:  I am thinking, instead of doing that, it

10   may being easier, if there's no added conditions, just to

11   release him on his own recognizance.

12           MR. ATKINSON:  We are fine with an ROR, your Honor.

13           THE COURT:  I will order Mr. Cohen released on his own

14   recognizance.

15           Anything else today from the government?

16           MR. ATKINSON:  No, your Honor.  Thank you.

17           THE COURT:  Anything else from the defense?

18           MR. PETRILLO:  No, your Honor.  Thank you.

19           THE COURT:  All right.  We are adjourned.

20           Thanks.

21           THE DEFENDANT:  Thank you, your Honor.

22           (Adjourned)

23

24

25