# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL COHEN,<br><br>Defendant. | No. 18 Cr. 850 (WHP) |

### GOVERNMENT'S SENTENCING MEMORANDUM

The Special Counsel's Office ("SCO") provides this memorandum in connection with the sentencing of Michael Cohen scheduled for December 12, 2018. On November 29, 2018, Cohen pleaded guilty to one count of making false statements to Congress, in violation of 18 U.S.C. § 1001(a). The government does not take a position with respect to a particular sentence to be imposed but submits that it is appropriate for any sentence of incarceration to be served concurrently to any sentence imposed by the Court in *United States v. Cohen*, 18-cr-602 (WHP).

The defendant's crime was serious. He withheld information material to the investigations of Russian interference in the 2016 U.S. presidential election being conducted by the Senate Select Committee on Intelligence ("SSCI"), the House Permanent Select Committee on Intelligence ("HPSCI"), and the SCO. The defendant lied to Congress about a business project (the "Moscow Project") that he worked on during the 2016 presidential campaign, while he served as Executive Vice President at a Manhattan-based real estate company (the "Company") and as Special Counsel to the owner of the Company ("Individual 1"). The defendant admitted he told these lies—which he made publicly and in submissions to Congress—in order to (1) minimize links between the Moscow Project and Individual 1 and (2) give the false impression that the Moscow Project had

ended before the Iowa caucus and the first presidential primaries, in hopes of limiting the ongoing Russia investigations being conducted by Congress and the SCO.

In recent months, however, the defendant has taken significant steps to mitigate his criminal conduct. He chose to accept responsibility for his false statements and admit to his conduct in open court. He also has gone to significant lengths to assist the Special Counsel's investigation. He has met with the SCO on seven occasions, voluntarily provided the SCO with information about his own conduct and that of others on core topics under investigation by the SCO, and committed to continuing to assist the SCO's investigation. The information he has provided has been credible and consistent with other evidence obtained in the SCO's ongoing investigation.

**Offense Conduct**

The defendant's offense conduct is set forth in the Information and the Presentence Investigation Report (PSR). We underscore particular facts for purposes of sentencing.

The defendant's lies to Congress were deliberate and premeditated. His false statements did not spring spontaneously from a line of examination or heated colloquy during a congressional hearing. They started in a written submission that he chose to provide to both houses of Congress ahead of his appearances. These circumstances show a deliberate effort to use his lies as a way to set the tone and shape the course of the hearings in an effort to stymie the inquiries.

The defendant amplified his false statements by releasing and repeating his lies to the public, including to other potential witnesses. The defendant was scheduled to appear before both intelligence committees in closed sessions. Prior to testifying, the defendant made a public appearance at the U.S. Capitol and released his prepared opening statement, which falsely claimed that the Moscow Project "was terminated in January of 2016[,] which occurred before the Iowa

caucus and months before the very first primary." By publicly presenting this false narrative, the defendant deliberately shifted the timeline of what had occurred in the hopes of limiting the investigations into possible Russian interference in the 2016 U.S. presidential election—an issue of heightened national interest.

The defendant's false statements obscured the fact that the Moscow Project was a lucrative business opportunity that sought, and likely required, the assistance of the Russian government. If the project was completed, the Company could have received hundreds of millions of dollars from Russian sources in licensing fees and other revenues. The fact that Cohen continued to work on the project and discuss it with Individual 1 well into the campaign was material to the ongoing congressional and SCO investigations, particularly because it occurred at a time of sustained efforts by the Russian government to interfere with the U.S. presidential election. Similarly, it was material that Cohen, during the campaign, had a substantive telephone call about the project with an assistant to the press secretary for the President of Russia.

The defendant's false statements to Congress began in approximately late August 2017, when he submitted his written statement about the Moscow Project to SSCI and HPSCI. His false statements continued through his oral testimony before the committees in October 2017. And when Cohen first met with the SCO in August 2018, he repeated many of his prior false statements about the circumstances of the Moscow Project.[1] Only when the defendant met with the SCO a second time on September 12, 2018—after he had pled guilty in *United States v. Cohen*, 18-cr-602

---

[1] This initial meeting with the SCO, on August 7, 2018, was set up at Cohen's request. In that meeting, Cohen voluntarily provided information relevant to other aspects of the SCO's ongoing investigation, but when asked questions about the Moscow Project, Cohen provided false answers in what he later explained was an effort not to contradict his congressional testimony.

(WHP)—did the defendant admit that his prior statements about the Moscow Project had been deliberately false and misleading.

**<u>Acceptance of Responsibility</u>**

Starting with his second meeting with the SCO in September 2018, the defendant has accepted responsibility not only for his false statements concerning the Moscow Project, but also his broader efforts through public statements and testimony before Congress to minimize his role in, and what he knew about, contacts between the Company and Russian interests during the course of the campaign.

Cohen admitted that he had lied to Congress and to the SCO about the Moscow Project. He provided detailed information about the true circumstances of the Moscow Project, including its duration, the persons involved in the discussions, contacts with Russian government officials, and discussions during the first half of 2016 about the possibility of travel to Russia in connection with the Moscow Project. In addition to correcting the timeline and detailing the contacts he had during pursuit of the Moscow Project, Cohen explained financial aspects of the deal that would have made it highly lucrative for the Company and himself. The information provided by Cohen about the Moscow Project in these proffer sessions is consistent with and corroborated by other information obtained in the course of the SCO's investigation.[2]

---

[2] The defendant, without prompting by the SCO, also corrected other false and misleading statements that he had made concerning his outreach to and contacts with Russian officials during the course of the campaign. For example, in a radio interview in September 2015, the defendant suggested that Individual 1 meet with the President of Russia in New York City during his visit for the United Nations General Assembly. When asked previously about these events, the defendant claimed his public comments had been spontaneous and had not been discussed within the campaign or the Company. During his proffer sessions, the defendant admitted that this account was false and that he had in fact conferred with Individual 1 about contacting the Russian government before reaching out to gauge Russia's interest in such a meeting. The meeting ultimately did not take place.

Cohen's decision not only to admit to his prior false statements in proffer sessions with the Government, but to plead guilty to his criminal conduct in open court, demonstrates that Cohen has taken responsibility for his wrongdoing and is willing to face the consequences. Cohen's acceptance of responsibility for this offense conduct is a significant mitigating factor given the circumstances of this case, his prior relationship with Individual 1 and the Company, and the intense public focus on this investigation.

**Assistance with the SCO's Investigation**

Pursuant to the plea agreement, the Government agreed to bring to the Court's attention at sentencing in this matter and in *United States v. Cohen*, 18-cr-602 (WHP), the nature and extent of the defendant's assistance to the SCO.

The defendant has provided, and has committed to continue to provide, relevant and truthful information to the SCO in an effort to assist with the investigation. The defendant has met with the SCO for seven proffer sessions, many of them lengthy, and continues to make himself available to investigators. His statements beginning with the second meeting with the SCO have been credible, and he has taken care not to overstate his knowledge or the role of others in the conduct under investigation.

The defendant's assistance has been useful in four significant respects. First, the defendant provided information about his own contacts with Russian interests during the campaign and discussions with others in the course of making those contacts. For example, and as described above, the defendant provided a detailed account of his involvement and the involvement of others in the Moscow Project, and also corrected the record concerning his outreach to the Russian government during the week of the United Nations General Assembly. The defendant also provided information about attempts by other Russian nationals to reach the campaign. For

example, in or around November 2015, Cohen received the contact information for, and spoke with, a Russian national who claimed to be a "trusted person" in the Russian Federation who could offer the campaign "political synergy" and "synergy on a government level." The defendant recalled that this person repeatedly proposed a meeting between Individual 1 and the President of Russia. The person told Cohen that such a meeting could have a "phenomenal" impact "not only in political but in a business dimension as well," referring to the Moscow Project, because there is "no bigger warranty in any project than consent of [the President of Russia]." Cohen, however, did not follow up on this invitation.[3]

Second, Cohen provided the SCO with useful information concerning certain discrete Russia-related matters core to its investigation that he obtained by virtue of his regular contact with Company executives during the campaign.

Third, Cohen provided relevant and useful information concerning his contacts with persons connected to the White House during the 2017–2018 time period.

Fourth, Cohen described the circumstances of preparing and circulating his response to the congressional inquiries, while continuing to accept responsibility for the false statements contained within it.

## Conclusion

The defendant's crime was serious, both in terms of the underlying conduct and its effect on multiple government investigations. The sentence imposed should reflect the fact that lying to federal investigators has real consequences, especially where the defendant lied to investigators about critical facts, in an investigation of national importance.

---

[3] The defendant explained that he did not pursue the proposed meeting, which did not take place, in part because he was working on the Moscow Project with a different individual who Cohen understood to have his own connections to the Russian government.

However, the defendant has made substantial and significant efforts to remediate his misconduct, accept responsibility for his actions, and assist the SCO's investigation. Accordingly, the Government respectfully submits that the Court should give due consideration to the defendant's efforts set forth above and that it would be appropriate to allow the defendant to serve any sentence imposed in this case concurrently with any sentence imposed in *United States v. Cohen*, 18-cr-602 (WHP).

                                  Respectfully submitted,

                                  ROBERT S. MUELLER III
                                Special Counsel

Dated: December 7, 2018

                      By:    /s/_____
                                Jeannie S. Rhee
                                Andrew D. Goldstein
                                L. Rush Atkinson
                                U.S. Department of Justice
                                Special Counsel's Office
                                950 Pennsylvania Avenue NW
                                Washington, D.C. 20530
                                Telephone: (202) 616-0800

                                *Attorneys for the United States of America*