

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

The Court agrees.  Accordingly, Defendant's letter motion is denied without prejudice as premature.  The Clerk of Court is directed to docket this in both 18-CR-602 and 18-CR-850.  SO ORDERED.

July 15, 2022

Re:   *United States v. Michael Cohen*, 18 Cr. 602 (JMF)

Dear Judge Furman:

      The Government writes in response to defendant Michael Cohen's letter seeking the early termination of his three-year term of supervised release. For the reasons that follow, the motion should be denied as premature. The Government has conferred with the Probation Department, which opposes the motion for the same reasons.

      By way of background, between 2012 and 2017, Cohen committed what Judge Pauley, who presided over Cohen's pleas and sentencing, described as a "veritable smorgasbord of fraudulent conduct." (Transcript of Dec. 12, 2018 Sentencing ("Sent. Tr.") at 34). Cohen evaded income taxes by failing to report more than $4 million in income during tax years 2012 through 2016. (*See* Presentence Investigation Report dated Dec. 4, 2018 ("PSR") at ¶¶ 18-27). He lied to multiple banks to obtain financing on favorable terms. (PSR ¶¶ 28-35). He violated campaign finance laws by carrying out two complex schemes to purchase the rights to stories – each from women who claimed to have had an affair with a Presidential candidate – so as to suppress the stories and thereby prevent them from influencing the Presidential election. (PSR ¶¶ 36-56). And, in 2017, he lied to the United States Congress in sworn testimony. (PSR ¶¶ 62-73). Cohen pled guilty to nine counts in two consolidated cases: (i) five counts of tax evasion, in violation of 26 U.S.C. § 7201; (ii) one count of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014; (iii) two counts of making unlawful campaign contributions, in violation of 52 U.S.C. § 30109(d)(1)(A); and (iv) one count of making a false statement to the Congress, in violation of 18 U.S.C. § 1001(a)(2). Ultimately, Judge Pauley sentenced Cohen to 36 months' imprisonment, to be followed by a three-year term of supervised release. (Sent. Tr. 36).

      Cohen began serving his custodial sentence in May 2019. Cohen later sought to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35, relying principally on the same purported cooperation that he now cites in service of his motion for early termination of supervised release. (*See* Dkt. 51). Judge Pauley denied the motion, finding that the Government's memorandum in opposition "makes clear" that "Cohen made material and false statements in his post-sentencing proffer sessions" and concluding that "it's time that Cohen accept the

consequences of his criminal convictions for serious crimes that had far reaching institutional harms." (Dkt. 72 at 2). Judge Pauley similarly denied Cohen's request for a modification of his sentence based on the COVID-19 pandemic. (*Id.*). The Bureau of Prisons nevertheless transferred Cohen to furlough and then home confinement, such that Cohen only served slightly more than one year of his three-year custodial sentence in a BOP facility, and spent the remaining time in his Park Avenue residence. Judge Koeltl subsequently denied as premature a petition filed by Cohen under 28 U.S.C. § 2241 to reduce his "custodial" term based on Cohen's claims about the proper calculation of certain earned time credits. (*Cohen v. United States*, 20 Civ. 10833 (JGK), Dkt. 24).

Cohen's term of supervised release commenced on November 22, 2021. As of this writing, Cohen has completed less than eight months of his three-year term of supervised release.

A court may, after considering certain relevant factors, "terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release* . . . if it is satisfied that such action is warranted by the conduct of the defendnat released and the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added). The plain language of the pertinent statute thus establishes that Cohen is not yet eligible for the relief he seeks. *See, e.g.*, *United States v. Marraccini*, 2021 U.S. Dist. LEXIS 104960, at *1-*2 (S.D.N.Y. May 19, 2021) (collecting cases); *United States v. Zimmerman*, 481 F. App'x 199, 201 (5th Cir. 2012); *United States v. Alman*, 2011 WL 6099686 (E.D.N.Y. Dec. 5, 2011).

Cohen's letter ignores Section 3583(e)(1), instead invoking Section 3583(e)(2), which provides the court with authority to "modify, reduce, or enlarge the conditions of supervised release." 18 U.S.C. § 3583(e)(2). But Cohen does not ask for mere modification or reduction. He asks to be "discharge[d]" from supervised release. (Dkt. 77 at 1, 2, 3; *see also id.* at 2 (seeking "cessation" of supervised release)). If there are particular terms of Cohen's supervised release that he believes are acting as a "hinderance" to his ability to "reassimilate into the community," (Dkt. 77 at 2), he should seek a modification of those terms. But that is not what the instant motion seeks.

The Court should deny Cohen's motion as premature.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Thomas McKay / Nicolas Roos
Assistant United States Attorneys
(212) 637-2200

cc: Counsel of Record (by ECF)